## THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

ACHINTYA PAL, DVM, MS, Ph.D., MBA

                    Plaintiff,

v.

CEVA US HOLDINGS, INC.,

   **Serve**:   Resident Agent
                Corporation Company
                2900 SW Wanamaker Drive, Suite 204
                Topeka, KS 66614

                    Defendant.

Case No.

**JURY TRIAL REQUESTED**

## COMPLAINT

1.      Plaintiff, Dr. Achintya Pal ("Plaintiff" or "Dr. Pal") states his causes of action against Defendant CEVA US HOLDINGS, Inc. ("CEVA" or "Defendant") as follows:

2.      This is an action for the race, national origin, and religious discrimination and retaliation for having alleged discriminatory treatment. Plaintiff's claims arise under Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e *et. seq*.

3.      Plaintiff, Dr. Pal, is Asian Indian, from India, practices the Hindu religion, and speaks English with an accent. He worked for CEVA as a Senior Manager from April 2013 until he was purportedly "laid off" in August 2016. Plaintiff was the only Indian and the only Hindu on his team.

4.      Plaintiff is highly trained and holds multiple graduate degrees, including Doctor of Veterinary Medicine, Master of Science in Veterinary Microbiology, Ph.D. in Medical Microbiology, and Master of Business Administration.

5.      During his tenure at CEVA, Plaintiff's work had always been well received, and he was well regarded at his job until Dr. Brian Huseman, a Caucasian male, took over as his supervisor. Dr. Huseman harassed Plaintiff and subjected him to disparate treatment on the basis of his race, national origin, and religion.

6.      When Plaintiff complained about Dr. Huseman's illegal treatment, Dr. Huseman and CEVA retaliated, and Plaintiff was ultimately "laid off," although the basis for the "lay off" was pretextual.

7.      Plaintiff seeks all available legal and equitable remedies for claims under Title VII, including, back pay, front pay, compensatory damages, punitive damages, and attorneys' fees.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action under 28 U.S.C. § 1331, which provides original jurisdiction in this Court for suits arising under federal law.

9.      This Court has jurisdiction over Plaintiff's claim because Plaintiff filed a timely Charge of Discrimination with the proper administrative agency and received a Right-to-Sue letter mailed March 21, 2019, and received thereafter.

10.     The venue is proper in the United States District Court for the District of Kansas under 28 U.S.C. § 1391(b)(2), because the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

11.     Plaintiff Dr. Achintya Pal was, at all times relevant to this lawsuit, a resident of Kansas City, Missouri.

12.     Defendant CEVA US Holdings, Inc. is a foreign for-profit corporation authorized to do business in Kansas. Defendant CEVA is an employer within the meaning of Title VII.

## ADMINISTRATIVE PROCEEDINGS

13.     On or about September 16, 2016, Dr. Pal filed a timely charge of discrimination against CEVA with the Kansas Human Rights Commission, which then dually filed the charge with the Equal Employment Opportunity Commission. A copy of Dr. Pal's charge is attached as Exhibit A.

14.     On or about March 21, 2019, the EEOC mailed a notice of right to sue pursuant to Title VII to Dr. Pal, and he received it thereafter. A copy of the Right to Sue Notice is attached as Exhibit B.

15.     This action has been filed with this Court within 90 days of Dr. Pal's receipt of the right-to-sue notice of from the EEOC. Dr. Pal has fully complied with all administrative prerequisites before filing this action.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

16.     Plaintiff worked for CEVA in Kansas as a Senior Manager of Specialty products from April 13, 2013, until he was purportedly laid off in August 2016.

17.     Plaintiff is from India, is Hindu, and speaks English with an accent.

18.     As set forth above, Plaintiff is highly educated and holds multiple graduate degrees from various institutions of higher learning. Plaintiff has a long and successful history as

a regulatory affairs scientist and manager with the United States Food and Drug Administration, where he worked before CEVA recruited him.

19.    Prior to Plaintiff having engaged in a protected action, his work was well regarded and well received by management.

20.    When Plaintiff started, he reported directly to Dr. Steve Chu, who had hired him. Dr. Brian Huseman, a Caucasian American male, was a coworker of Plaintiffs. From the beginning, Dr. Huseman was overtly hostile to the Plaintiff, the only Indian and the only Hindu on the team.

21.    For instance, when Plaintiff presented his monthly progress reports for ongoing projects, Dr. Huseman reacted disrespectfully, accusing Plaintiff of cheating the project deadline. However, Dr. Huseman had already approved the deadlines, so his accusations were baseless.

22.    Dr. Huseman also made negative comments about Plaintiff's accented English.

23.    Further, Dr. Huseman refused to attend almost all the meetings Plaintiff organized, but he attended meetings organized by more junior managers and other managers at Plaintiff's level. And, on the only occasion that Dr. Huseman attended Plaintiff's meeting, he left early.

24.    In or around mid-2014, Dr. Chu was promoted, and CEVA appointed Dr. Huseman to be Plaintiff's supervisor.

25.    Once in a position of authority over the Plaintiff, Dr. Huseman's harassment of Plaintiff intensified. He made efforts to undermine the success of Plaintiff's work. For instance, he made a unilateral and uninformed decision to reduce the number of scientists o+n Plaintiff's team, despite knowing Dr. Chu's express promise that Plaintiff would always have a certain number of scientists on his team.

26.     Dr. Huseman also gave Plaintiff an artificially low performance rating for 2014, even though Plaintiff had received accolades from other divisions and even though he had timely and successfully completed all of his work.

27.     In a further effort to undermine the Plaintiff's potential for success in his position, Dr. Huseman ordered the removal of locked file cabinets containing sensitive regulatory documents crucial to the Plaintiff's ongoing projects. Because of the missing file cabinets, Plaintiff was forced to recreate the information to the best of his ability and lost valuable time for his research.

28.     Further, in or around fall of 2015, when an incident arose with a scientist on the Plaintiff's team, Dr. Huseman conducted no investigation into the scientist's complaints, but instead, simply took the scientist at her word, and moved her off Plaintiff's team, which left Plaintiff even more short-staffed than before, and which denied him the opportunity to respond to the complaints.

29.     Dr. Huseman also afforded preferential treatment to other more junior, non-Indian, and non-Hindu scientists. For instance, he allotted funds for them to attend more outside meetings than Plaintiff.

30.     Further, Dr. Huseman attempted to undermine Plaintiff's authority on his team by meeting with Plaintiff's direct reports without Plaintiff's knowledge. On information and belief, Dr. Huseman did not treat other managers in the same manner, but instead, respected their authority on their team.

31.     In December 2016, Dr. Huseman continued to harass Plaintiff by directing him to keep a daily activity log for one month and send weekly reports to Dr. Huseman. However, although Plaintiff diligently performed the task, Dr. Huseman provided no feedback about the

logs. Further, when Plaintiff spoke with Human Resources about the logs, he was told that such a practice was not very unusual at CEVA.

32.     In or around January 2016, Dr. Huseman instituted a series of weekly core divisional management meetings. Although Dr. Huseman regularly invited all other managers, including managers more junior to Plaintiff (but who were neither Indian nor Hindu), he excluded Plaintiff from the invitations.

33.     In February 2016, Dr. Huseman gave Plaintiff another artificially low performance rating. He rated Plaintiff as "meets," even though Plaintiff had met all deadlines and received accolades from other divisions.

34.     In or around March 2016, Plaintiff spoke with Greg Furstner, the Human Resources Director, about Dr. Huseman. In that meeting, Plaintiff complained about the artificially low performance rating, and in a subsequent meeting, Plaintiff specifically complained that Dr. Huseman had subjected him to a hostile work environment. This complained was submitted to HR by email.

35.     The following month, April 2016, Dr. Huseman further attempted to undermine Plaintiff's chances of success by ordering an eleventh-hour rescission of an offer of employment to Dr. Josef Herczeg, the scientist of Plaintiff's choice to round out his research team. The rescission of the offer to Dr. Herczeg left Plaintiff with less than a full research team, which further undermined his ability to perform his duties.

36.     Later in April 2016, defendant constructively demoted Plaintiff and changed his reporting structure from Dr. Huseman to a lower level manager, Dr. Wei Lu.

37.     In May 2016, following the instruction of Dr. Huseman, Plaintiff received an order from Dr. Lu to start reporting on 'MAR' every month starting from May 2016. This additional reporting duty diverted even more of Plaintiff's time away from his regular duties.

38.     Dr. Huseman also ordered Plaintiff to help with Dr. Lu's research, which further reduced the amount of time the Plaintiff had to work on his projects.

39.     On information and belief, at Dr. Huseman's direction, Dr. Lu also began giving work to Dr. Alex Carusal, a scientist on Plaintiff's team, which further undermined Plaintiff's chances of success because Dr. Carusal's time and attention were directed away from Plaintiff's projects.

40.     In June 2016, Plaintiff contacted Dr. Steve Chu to report his complaints about having been the target of discrimination and a hostile work environment. Dr. Chu forwarded Plaintiff's complaint to Human Resources (HR) and instructed them to conduct an investigation. As a part of the investigation, HR called Plaintiff for a meeting. During this meeting with HR, Plaintiff explained the entire story of harassment by Dr. Huseman. Plaintiff also mentioned his concern that Dr. Huseman's dislike of him was related to the fact that he was Indian.

41.     After the investigation began, Dr. Huseman denied Plaintiff funds to attend a work conference.

42.     In August 2016, only a few months after Plaintiff reported his complaints of illegal treatment at work to Dr. Chu, and just after the retirement of Dr. Chu (in July 2016), Plaintiff's position was "eliminated" in a "layoff."  However, on information and belief, Plaintiff's position was the only one eliminated. Further, Plaintiff's work was progressing according to the timeline, was adequately funded, and the marketing team had expressed interest in it.

43.    Further, on information and belief, Plaintiff's work remained ongoing at CEVA and was taken over by another scientist.

44.    After the termination, management continued to harass Plaintiff and refused his repeated efforts to retrieve his personal belongings. Plaintiff was removed on August 2016, but despite his numerous requests for his belongings, he did not receive them until October. When he finally received his personal belongings, some were damaged, and others were missing.

45.    Plaintiff made diligent efforts to secure employment after he was fired, but, on information and belief, Drs. Lu and Huseman, and Greg Furstner provided negative references which made work in the animal sciences industry impossible.

## COUNT I—DISCRIMINATION BASED ON RACE/NATIONAL ORIGIN

46.    Plaintiff incorporates by reference all prior paragraphs as through fully set forth herein.

47.    Plaintiff is an Asian Indian male, and is from India. He speaks English with an accent.

48.    Plaintiff worked for Defendant as a Senior Manager from April 2013 until he was terminated in August 2016.

49.    As set forth above, during the entirety of Plaintiff's tenure at CEVA, Dr. Brian Huseman, a Caucasian American male, subjected him to discrimination and disparate treatment on the basis of his race and national origin.

50.    As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Defendant and Defendant's agents during the course of his employment with Defendant, based on his race and national origin, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

51.     Plaintiff reported the conduct to Human Resources, but nothing changed.

52.     The conduct described in this Complaint would have offended a reasonable person of the same national origin and race in Plaintiff's position, was unwelcome, and ultimately resulted in Plaintiff's termination.

53.     As a direct and proximate result of Defendant's actions and/or inaction, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

54.     As a further direct and proximate result of Defendant's actions and/or inaction, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

55.     Defendant failed to make good-faith efforts to establish and enforce policies to prevent unlawful discrimination against its employees.

56.     Defendant failed to properly train or otherwise inform their supervisors and employees concerning the duties and obligations under the civil rights laws, including Title VII.

57.     As shown by the foregoing, Defendant engaged in these discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other companies from like conduct in the future.

58.     Plaintiff is entitled to recover from Defendant reasonable attorneys' fees, as provided in Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

**WHEREFORE**, Plaintiff, Dr. Achintya Pal prays for judgment against Defendant on Count I of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by 42 U.S.C. 2000(e) *et seq.;* for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay

in a reasonable amount; for an award of compensatory and punitive damages; for his costs

expended; for his reasonable attorneys' and expert's fees provided by 42 U.S.C. 2000(e)-5(k);

and for such other and further relief the Court deems just and proper.

## COUNT II—HARASSMENT BASED ON RACE/NATIONAL ORIGIN

59.     Plaintiff incorporates by reference all prior paragraphs as through fully set forth

herein.

60.     Plaintiff is an Asian Indian male, and is from India. He speaks English with an

accent.

61.     Plaintiff worked for Defendant as Senior Manager, from April 2013 through his

terminated in August 2016.

62.     As set forth above, during the course of his employment with Defendant, Plaintiff

experienced regular harassment on the basis of his race/national origin.

63.     As shown by the foregoing, Plaintiff suffered intentional harassment at the hands

of Defendant and Defendant's agents during the course of his employment with Defendant,

based on his race/national origin, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-

2(a).

64.     Plaintiff reported the conduct to Human Resources, but nothing changed.

65.     The harassment was severe and pervasive and had the purpose and effect of

unreasonably interfering with Plaintiff's working conditions and performance thereby creating an

intimidating, hostile, and offensive working environment.

66.     The harassment caused severe anxiety, stress, and embarrassment to Plaintiff.

67.     The conduct described in this Complaint would have offended a reasonable person of the same national origin and race in Plaintiff's position, was unwelcome, and ultimately resulted in Plaintiff's termination.

68.     Plaintiff was clear that the harassment was unwelcome, but the conduct persisted.

69.     As a direct and proximate result of Defendant's actions and/or inaction, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

70.     As a further direct and proximate result of Defendant's actions and/or inaction, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

71.     Defendant failed to make good-faith efforts to establish and enforce policies to prevent unlawful discrimination against its employees.

72.     Defendant failed to properly train or otherwise inform their supervisors and employees concerning the duties and obligations under the civil rights laws, including Title VII.

73.     As shown by the foregoing, Defendant engaged in these discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other companies from like conduct in the future.

74.     Plaintiff is entitled to recover from Defendant reasonable attorneys' fees, as provided in Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

**WHEREFORE**, Plaintiff, Dr. Achintya Pal prays for judgment against Defendant on Count II of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by 42 U.S.C. 2000(e) *et seq.;* for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay

in a reasonable amount; for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' and expert's fees provided by 42 U.S.C. 2000(e)-5(k); and for such other and further relief the Court deems just and proper.

## COUNT III—DISCRIMINATION BASED ON RELIGION

75.     Plaintiff incorporates by reference all prior paragraphs as through fully set forth herein.

76.     Plaintiff is Hindu.

77.     Plaintiff is the only Hindu in his work area and experienced discriminatory treatment on the basis of his religion.

78.     Plaintiff reported the discriminatory treatment to Human Resources, but nothing changed.

79.     As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Defendant and Defendant's agents during the course of his employment with Defendant, based on his religion, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

80.     The conduct described in this Complaint would have offended a reasonable person of the same religion in Plaintiff's position, was unwelcome, and ultimately resulted in Plaintiff's termination.

81.     As a direct and proximate result of Defendant's actions, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

82.     As a further direct and proximate result of Defendant's actions and/or inaction, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

83.     As shown by the foregoing, Defendant engaged in these discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other employers from like conduct in the future.

84.     Plaintiff is entitled to recover from Defendant reasonable attorneys' fees and litigation costs, as provided in Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

**WHEREFORE**, Plaintiff Dr. Achintya Pal asks that the Court enter judgment in his favor on Count III, finding that he has been subjected to an unlawful conduct prohibited by 42 U.S.C. § 2000e *et seq.*; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases, and other benefits, including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages under Title VII in a reasonable amount to be determined by the jury; for his costs expended; for his reasonable attorneys' and expert's fees; and for such relief as this Court deems just and proper.

## COUNT IV—HARASSMENT BASED ON RELIGION

85.     Plaintiff incorporates by reference all prior paragraphs as through fully set forth herein.

86.     Plaintiff is Hindu.

87.     Plaintiff is the only Hindu in his area of work and experienced disparate treatment on the basis of his religion.

88.     Plaintiff reported the discriminatory treatment to Human Resources, but nothing changed.

89.     As shown by the foregoing, Plaintiff suffered intentional harassment at the hands of Defendant and Defendant's agents during the course of his employment with Defendant, based on his religion, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

90.     The harassment was severe and pervasive and had the purpose and effect of unreasonably interfering with Plaintiff's working conditions and performance thereby creating an intimidating, hostile, and offensive working environment.

91.     The harassment caused severe anxiety, stress, and embarrassment to Plaintiff.

92.     The conduct described in this Complaint would have offended a reasonable person of the same religion in Plaintiff's position, was unwelcome, and ultimately resulted in Plaintiff's termination.

93.     Plaintiff was clear that the harassment was unwelcome, but the conduct persisted.

94.     As a direct and proximate result of Defendant's actions, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

95.     As a further direct and proximate result of Defendant's actions and/or inaction, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

96.     As shown by the foregoing, Defendant engaged in these discriminatory practices with malice or reckless indifference to the federally protected rights of the Plaintiff. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish the Defendant or to deter it and other employers from like conduct in the future.

97.     Plaintiff is entitled to recover from Defendant reasonable attorneys' fees and litigation costs, as provided in Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

**WHEREFORE**, Plaintiff Dr. Achintya Pal asks that the Court enter judgment in his favor on Count IV, finding that he has been subjected to unlawful conduct prohibited by 42 U.S.C. § 2000e *et seq*.; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases, and other benefits, including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages under Title VII in a reasonable amount to be determined by the jury; for his costs expended; for his reasonable attorneys' and expert's fees; and for such relief as this Court deems just and proper.

## <u>COUNT V—RETALIATION</u>

98.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

99.     Plaintiff's reports of discrimination and harassment constituted a protected action within the meaning of Title VII.

100.     Plaintiff's opposition to the discrimination he alleged was reasonable and unambiguous.

101.     After and because of his opposition to unlawful discrimination in the workplace, Plaintiff was treated differently, constructively demoted, excluded from meetings, denied funds for conferences, and subjected to an artificially reduced staff of scientists, and ultimately terminated.

102.     Defendant unlawfully retaliated against Plaintiff for his protected activity. Defendant knowingly used false pretextual reasons to mask its unlawful retaliation. Defendant's conduct violated Plaintiff's rights under Title VII and was undertaken willfully and maliciously so as to support an award of punitive damages.

**WHEREFORE,** Plaintiff, Dr. Achintya Pal asks that the Court enter judgment in his favor on Count V, finding that he has been subjected to unlawful retaliation in violation of Title

VII; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases, and other benefits, including interest; for an award of front pay in a reasonable amount; for an award of compensatory and liquidated damages under Title VII for his costs expended; for his reasonable attorneys' and expert's fees; and for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Dr. Achintya Pal hereby requests a trial by jury on all claims in his Complaint that may properly be submitted to a jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial of this matter.

Respectfully submitted,

**DUGAN SCHLOZMAN LLC**

 /s/ *Mark V. Dugan*
Heather J. Schlozman, KS Bar # 23869
Mark V. Dugan, KS Bar # 23897
heathis@duganschlozman.com
mark@duganschlozman.com
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
Telephone:  (913) 322-3528
Facsimile:   (913) 904-0213

**Counsel for Plaintiff**